AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| JOHN HENRY THOMPSON JR | ) Case No. 13-8073-DLB |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  between 1/16/2013 and 2/13/2013  in the county of   Palm Beach   in the
  Southern   District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 641 | Theft of Government money or property in an amount greater than $1000 |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

PAUL R. HOLLINGER, FBI SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2-14-2013

_____
*Judge's signature*

City and state:   West Palm Beach, Florida       DAVE LEE BRANNON, US MAGISTRATE JUDGE
*Printed name and title*

# AFFIDAVIT

A. **INTRODUCTION**

I, Paul R. Hollinger, having first been duly sworn, do hereby state the following:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice. I have been so employed for seven years and have worked several complex fraud investigations. I am presently assigned to the Miami Division's Palm Beach Office of the FBI. My duties include the investigation of violations of mail fraud, wire fraud and other sophisticated fraud schemes. Through my experience in the course of these investigations, I have become familiar with obstruction of justice and theft of government property crimes. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code (USC), §2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, of the United States Code.

2. The following information is based on my review of consensually recorded meetings and telephone calls, debriefings of cooperating witnesses, my personal knowledge, and discussions with fellow agents. Where the statements of others are related herein, they are related in substance and in part and not verbatim. Since this affidavit is being submitted for the limited purpose of providing probable cause to support a criminal complaint, I have not set forth every fact resulting from the investigation; rather, set forth is a summary of the investigation to date in order to establish probable cause for the issuance of a criminal complaint charging JOHN HENRY THOMPSON JR theft of government money or property, in violation of Title 18, United States Code, Section 641.

**B.     FACTS**

**Evidence of Obstruction of Justice**

3.     On 01/16/2013, Affiant and SA Daniel Szczepanski interviewed an inmate at the Palm Beach County Jail, hereinafter identified as Cooperating Witness #1 (CW#1), who is a person awaiting sentencing for his/her role in a conspiracy to commit mail and wire fraud. CW#1 advised that JOHN HENRY THOMPSON JR (THOMPSON JR) was a former inmate who purports to have a law enforcement contact that has the ability to acquire information concerning active investigations, which he (THOMPSON JR) is selling to other in-mates seeking a Rule 35[1] sentence reduction. In return for this information, THOMPSON JR charges $15,000 to the

---

[1] Federal Rule of Criminal Procedure 35(b) states:

(b) REDUCING A SENTENCE FOR SUBSTANTIAL ASSISTANCE.

  (1) *In General.* Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

  (2) *Later Motion.* Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

    (A) information not known to the defendant until one year or more after sentencing;

    (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

    (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

inmates seeking to take advantage of the information and opportunity to have their sentence reduced by the court. CW#1 advised that DONALD FRENCH SR (FRENCH SR), whose son, DONALD FRENCH JR (FRENCH JR), is also incarcerated at the Palm Beach County Jail, was seeking to purchase a Rule 35 from THOMPSON JR.

4. In addition to selling information for a Rule 35 sentence reduction, CW#1 advised that THOMPSON JR was also a recipient of a Rule 35 sentence reduction. Court records revealed that THOMPSON JR was sentenced on 06/18/2008 to 151 months imprisonment arising from a violation of Title 18, United States Code, Section 2113(a)(DE 3, 21, 23), Bank Robbery (unarmed). On 12/27/2012, THOMPSON JR received a sentence reduction pursuant to Rule 35 and was subsequently released from jail for time already served, that is a reduction of 97 months.

5. On 01/28/2013, CW#2 conducted a consensually recorded telephone conversation with FRENCH SR. During this call, FRENCH SR explained to CW#2 that he initially paid THOMPSON JR $5,000 for information leading to a Rule 35 sentence reduction for his son, FRENCH JR. FRENCH SR said he would have to pay the remaining balance of $10,000 to THOMPSON JR after FRENCH JR received a Rule 35 sentence reduction. FRENCH SR provided CW#2 with THOMPSON JR's telephone number for CW#2 to contact him directly.

6. On 01/31/2013, CW#2 conducted a consensually recorded telephone conversation with THOMPSON JR. CW#2 said that CW#2 was seeking to purchase a Rule 35 sentence reduction for CW#1 from THOMPSON JR. During the telephone call, THOMPSON JR explained to CW#2 that he charges $15,000 for the information, of which $5,000 is paid up-front so that he can pay his guys. THOMPSON JR earlier described his guys as agents he works with

who are employed by various federal law enforcement agencies (i.e. FBI, DEA, and ATF). THOMPSON JR also confirmed that FRENCH SR paid him $5,000 towards a Rule 35 sentence reduction for FRENCH JR. THOMPSON JR told CW#2 that if CW#2 proceeded in purchasing information for a Rule 35 from him "it was definitely going to work." THOMPSON JR provided CW#2 with the names of three individuals as a reference which THOMPSON JR claimed were individuals for whom he was able to secure information from law enforcement which led to Rule 35 sentence reductions.

7. On 02/05/2013, CW#2 and an FBI Undercover Employee (UCE) participated in a consensually recorded meeting with FRENCH SR. The meeting took place in Delray Beach, which is located in the Southern District of Florida. During the meeting, FRENCH SR confirmed that he had paid THOMPSON JR $5,000 for information which would lead to a Rule 35 sentence reduction for his son, FRENCH JR. FRENCH SR also stated "the thing that is not legal is us paying money to get somebody to put it in his name." Again, later in the meeting FRENCH SR reiterated that paying for Rule 35 information to be put in someone's name, who did not know the information was illegal.

8. THOMPSON JR arrived approximately 40 minutes into the 02/05/2013 consensually recorded meeting between CW#2, UCE, and FRENCH SR. During the discussion between the parties, THOMPSON JR explained that he has been selling information for Rule 35 sentence reductions for the past eleven years. THOMPSON JR claimed to have inside contacts at various federal law enforcement agencies. THOMPSON JR confirmed that the initial $5,000 would be used to pay the individual agents to prepare a cooperation memo pertaining to criminal activity, which would then be placed in the underlying inmate's name as true fact and first-hand

knowledge by the purchasing inmate. THOMPSON further described that the inmate has no first-hand knowledge of the criminal activity that will be utilized in the Rule 35 motion filed with the United States District Court on the inmate's behalf. Both THOMPSON JR and FRENCH SR acknowledged that the information would be filed in the manner described above. THOMPSON JR explained that if CW#2 were to pay him for information leading to a Rule 35 sentence reduction for CW#1, CW#1 could be released from prison around March 2014, rather than serve an 11 or 12 year period of incarceration CW#1 will probably receive.

9. On 02/13/2013, UCE participated in a consensually recorded meeting with THOMPSON JR in West Palm Beach, which is located in the Southern District of Florida, which had been arranged. Prior to the meeting the investigating agents obtained $5,000, which was property of the Government, to continue this investigation. During the meeting, THOMPSON JR told UCE that the initial payment of $5,000 would be used to pay his inside law enforcement agents to prepare a cooperation memo pertaining to criminal activity, which would then be placed in CW#1's name as true fact and first-hand knowledge. THOMPSON JR explained to UCE that the information UCE was purchasing pertained to a federal case involving eight (8) defendants involved in guns, drugs, and smuggling out of Orlando, Florida. THOMPSON JR provided UCE with the following names of some of individuals involved in the above mentioned federal case: First Name Unknown (FNU) Garcia and the Gomez brothers. In return for this information, UCE paid THOMPSON JR $5,000 cash, that is property owned by the Government, which THOMPSON JR accepted. THOMPSON JR guaranteed UCE that the prosecutor for CW#1's case had already approved the use of a Rule 35 sentence reduction.

10. Shortly after accepting the $5,000 cash from UCE, THOMPSON JR was arrested.

After being advised of his Miranda Rights, THOMPSON JR waived his right to counsel and admitted to Affiant that he had fabricated this scheme so he could steal money from others and never had the intent or capability to have a Rule 35 sentence reduction filed with the United States District Court. To bolster his scheme to steal and defraud others of money, THOMPSON JR admitted to lying to UCE and others about having contacts within various federal law enforcement agencies who could prepare a cooperation memo pertaining to criminal activity leading to a Rule 35 sentence reduction.

**CONCLUSION**

11.     Based on the above facts, Affiant asserts that there is probable cause to believe that JOHN HENRY THOMPSON JR engaged in theft of government money, in violation of Title 18 U.S.C. § 641, in that he knowingly and willfully stole money for his own use or someone else's use with the intent to deprive the Government of the use or benefit of the money, which was in an amount of greater than $1000.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Paul R. Hollinger, Special Agent, FBI

Sworn to me this

14th day of February, 2013

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 13-8073-DLB

**BOND RECOMMENDATION**

DEFENDANT: JOHN HENRY THOMPSON JR

PRE-TRIAL DETENTION
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   ELLEN L. COHEN

Last Known Address: _____

What Facility:  Palm Beach County Jail

Agent(s):  FBI Hollinger and Szczepanski
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** JOHN HENRY THOMPSON JR.

**Case No:** 13-8073-DLB

Count #: 1

Theft of Government Property or Money

Title 18, United States Code, Section 641

\* **Max.Penalty:** 10 Years incarceration, $250,000 fine, not more than 3 years supervised release

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. <u>13-8073-DLB</u>

UNITED STATES OF AMERICA

vs.

JOHN HENRY THOMPSON, JR,

              **Defendant.**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                              Respectfully submitted,

                              WIFREDO A. FERRER
                              UNITED STATES ATTORNEY

BY: _____
       ELLEN L. COHTN
       ASSISTANT UNITED STATES ATTORNEY
       Florida Bar # 0739472
       500 Australian Avenue, Suite 400
       West Palm Beach, Florida 33401
       (561) 820-8711
       (561) 659-4526 (Fax)